UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| *EDWARD SENCLAIR*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-1401 |
| *GIGG EXPRESS, INC.*; and *RAVEESH*, | § § § | |
| Defendants. | § § | |

# DEFENDANT GIGG EXPRESS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GIGG Express, Inc. ("GIGG") removes this action from the 44th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. As grounds for removal, GIGG states as follows:

## BACKGROUND

1. On May 10, 2021, Plaintiff filed a Complaint against GIGG Express in the 44th Judicial District Court, Dallas County, Texas captioned *Edward Senclair v. GIGG Express, Inc. and Raveesh* Cause No. 21-5961.

2. Plaintiff's Complaint concerns a motor vehicle collision that allegedly occurred on May 17, 2019, at Flying J Truck Stop in Dallas County, Texas. Plaintiff alleges that Defendant Raveesh ("Raveesh") was operating a tractor trailer while acting within the course and scope of his employment with GIGG at the time. Plaintiff further alleges that Edward Sinclair was injured as a result of the collision.

3. Plaintiff brought a negligence cause of action against GIGG. Plaintiff also brought a negligence cause of action against Defendant Raveesh.

4. Edward Senclair seeks damages, past and future, including the following categories of alleged damages:

    a. Physical pain and suffering;
    b. Mental anguish;
    c. Physical impairment;
    d. Loss of earning capacity;
    e. Disfigurement;
    f. Medical expenses.

## VENUE AND JURISDICTION

5. Venue is proper in this Court under 28 U.S.C. §§ 81(a)(3), 1391, 1441(a), and 1446(a), because the 44th Judicial District Court of Dallas County, Texas, where Plaintiff filed his Complaint, is a state court within the Northern District of Texas.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**I.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND BLACK DEER.**

7. "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citations and quotations omitted).

8. Plaintiff Edward Senclair is a resident of Texas. Accordingly, Plaintiff has a fixed residence in Texas at which he intends to remain indefinitely. Thus, Plaintiff is considered a citizen of Texas for the purpose of assessing diversity jurisdiction.

9. GIGG is a foreign corporation. A corporation is considered to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). GIGG is a numbered Ontario Corporation, and its registered office is

located in Ontario. **Exhibits 2 and 8** attached hereto and fully incorporated by reference herein. Thus, GIGG is a citizen of Ontario, Canada for the purpose of diversity jurisdiction.

10. Defendant Raveesh is an individual believed to be residing in Ontario, Canada. Accordingly, Defendant Raveesh is a citizen of Ontario, Canada for the purposes of diversity jurisdiction.

11. Because Plaintiff is citizen of Texas, Defendant GIGG is a citizen of Ontario, Canada, and Defendant Raveesh is a citizen of Ontario, Canada, complete diversity of citizenship exists between all Plaintiffs and all Defendants in this case.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

12. This Court has original jurisdiction over suits between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(a)(1). In his Complaint, Plaintiff specifically asserts that he is seeking "monetary relief in excess of $1,000,000." As a consequence, Plaintiff has asserted alleged damages well in excess of $75,000.00, exclusive of interest and costs, and therefore the minimum jurisdictional amount required for federal diversity jurisdiction has been fully satisfied. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating "the sum claimed by the plaintiff controls if the claim is apparently made in good faith"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (stating "in the typical diversity case, the plaintiff remains the master of his complaint").

## III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

13. This Notice of Removal is timely filed. GIGG was served the Complaint on June 1, 2021. Because Gigg Express filed this Notice of Removal on June 8, 2021, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

14. A copy of this Notice of Removal will be promptly filed with the appropriate state court pursuant to 28 U.S.C. § 1446(d).

15. Pursuant to 28 U.S.C. §1446(a), copies of all pleadings, process, and orders served on GIGG in this action are attached hereto as **Exhibit A**.

16. As required by 28 U.S.C. § 1446(d), Gigg Express has served a copy of the Notice of Removal on all adverse parties.

17. GIGG asserts its right to a trial by jury.

18. GIGG does not waive any jurisdictional or other defenses available to it.

19. GIGG reserves the right to supplement this Notice of Removal and/or present additional arguments in support of its entitlement to removal.

## CONCLUSION

WHEREFORE, GIGG removes this action from the 44th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ Jeffrey O. Marshall*
Jeffrey O. Marshall (TSBN 00797005)
jeff.marshall@wilsonelser.com
Jesse R. Showalter (TSBN 24086800)
jesse.showalter@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, TX 75202
(214) 698-8000 - telephone
(214) 698-1101 – telecopier

**ATTORNEYS FOR DEFENDANT GIGG EXPRESS, INC.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of *Defendant GIGG Express, Inc.'s Notice of Removal* was electronically filed with the Court on June 15, 2021. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.

*/s/ Jeffrey O. Marshall*
JEFFREY O. MARSHALL